UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SONDER HOSPITALITY                         CIVIL ACTION NO. _____
USA, INC.

      Plaintiff

VERSUS                                     DISTRICT JUDGE: _____

                                                        MAGISTRATE: _____

415 RUE DAUPHINE, LLC, 717 CONTI, LLC,
1001 CHARTRES ST., LLC, RAMPART HOTEL VENTURES, LLC,
1001 TOULOUSE, LLC, ROYAL HOTEL INVESTORS, LLC,
1234 CHARTRES ST., LLC, JAJ VENTURES, LLC,
730 RUE BIENVILLE, LLC AND MANSION ON
ESPLANADE, LLC

      Defendants

## **PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, Sonder Hospitality USA, Inc. which hereby files this Complaint and states as follows:

## **INTRODUCTION**

1. Sonder Hospitality USA, Inc. ("Sonder" or "Plaintiff") is a hospitality company that offers apartment-style short-term and extended stay rentals throughout the United States and worldwide. Sonder typically enters into multi-year leases with real property owners and rents out units with quality furnishings and modern creature comforts. This action for specific performance and monetary damages arises out of the bad faith breach of twelve (12) Lease Agreements that Sonder entered into with certain limited liability companies owned and operated by Joseph A. Jaeger, Jr. (the "Jaeger Entities") on December 31, 2020 for the rental of hotel properties located in New Orleans, Louisiana.

2. Each of the Lease Agreements was personally signed by Mr. Jaeger on behalf of the particular Jaeger Entities that were parties to the Lease Agreements.

3. Sonder and Mr. Jaeger negotiated the comprehensive Lease Agreements over the course of several months in 2020. The Lease Agreements provide Sonder leasing rights with respect to 774 hotel rooms for an initial five-year term, with an additional five-year renewal option in Sonder's sole discretion. Had the Lease Agreements been honored by the Jaeger Entities, Sonder would have realized profits in excess of $30,000,000 for the initial five-year term, not including exercise of the additional five-year option.

4. Mr. Jaeger initiated the breach of the twelve Lease Agreements by having his attorney send a letter purporting to unilaterally terminate the Lease Agreements, despite having no legal basis to do so. Mr. Jaeger's actions were intentional and in bad faith, and were motivated by his desire to renegotiate the Lease Agreements to his sole economic advantage (and to Sonder's material detriment).

5. Mr. Jaeger has further violated Sonder's contractual rights by selling some of the properties that are the subject of the Lease Agreements, even after Sonder recorded the Lease Agreements in the Orleans Parish mortgage and conveyance records.

6. Sonder does not invoke the Court's jurisdiction without good reason. For more than a year, Sonder has negotiated with Mr. Jaeger in a good faith attempt to settle this dispute. These efforts have included innumerable settlement communications with Mr. Jaeger and his counsel, a day-long in-person meeting held in February 2021 to try to find a solution, and a formal full-day mediation between the parties that took place on June 16, 2022.

7. These efforts have been futile, as Mr. Jaeger has steadfastly refused to honor the Lease Agreements he signed. Instead, Mr. Jaeger is bound and determined to continue in his breach the Lease Agreements, and his willful, bad faith actions have left Sonder with no choice but to protect its rights under the Lease Agreements through litigation.

8. For the reasons discussed below, the Court should hold the Jaeger Entities accountable for breach of the Lease Agreements and enter Judgment in Sonder's favor.

## SECTION 1
## PARTIES

9. Sonder is a citizen of the States of Delaware and California. Sonder is a corporation formed under the laws of the State of Delaware and its principal place of business is located in the State of California.

10. Defendant 415 Rue Dauphine, LLC is a Louisiana limited liability company and it is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the Manager of this limited liability company. 415 Rue Dauphine, LLC is the owner of the Dauphine Orleans Hotel located in New Orleans, Louisiana. 17th Street Investments, LLC and J&W Capital, LLC are the sole members of 415 Rue Dauphine, LLC. Joseph A. Jaeger, Jr. is the sole member of 17th Street Investments, LLC and J&W Capital, LLC.

11. Joseph A. Jaeger, Jr. is a citizen of the State of Louisiana because he is resident of this State and is domiciled in the State of Louisiana.

12. Defendant 717 Conti, LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the sole member and Manager of this limited liability company. 717 Conti, LLC is the owner of the Hotel le Marais located in New Orleans, Louisiana.

13. Defendant 1001 Chartres St., LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the sole member and Manager of this limited liability company. 1001 Chartres St., LLC is the owner of the Chateau Hotel located in New Orleans, Louisiana.

14. Defendant Rampart Hotel Ventures, LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the sole member and Manager of this limited liability company. Rampart Hotel Ventures, LLC is, or at the time of the Parties' execution of the Lease Agreements was, the owner of the French Quarter Suites Hotel and the Courtyard Hotel which are located in New Orleans, Louisiana.

15. Defendant 1001 Toulouse, LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr., is the sole member and Manager of this limited liability company. 1001 Toulouse, LLC is the owner of the Maison Dupuy Hotel located in New Orleans, Louisiana.

16. Defendant Royal Hotel Investors, LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the sole member of Royal Hotel Investors, LLC and is also the Manager of Consolidated Asset Management, LLC, which, in turn, is the Manager of Royal Hotel Investors, LLC. Royal Hotel Investors, LLC is the owner of the Hotel Royal located in New Orleans, Louisiana.

17. Defendant 1234 Chartres St., LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the sole member and Manager of this limited liability company. 1234 Chartres St., LLC is the owner of the Le Richelieu Hotel located in New Orleans, Louisiana.

18. Defendant JAJ Ventures, LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the Manager of JAJ Ventures, LLC. Joseph A. Jaeger, Jr. and Generation Holdings, LLC are the sole members of this limited liability company. Joseph A. Jaeger and/or Consolidated Asset Management, LLC are the sole members of Generation Holdings, LLC. Joseph A. Jaeger, Jr. is the sole member of Consolidated Asset Management, LLC. JAJ Ventures, LLC is the owner of the Historic Streetcar Hotel located in New Orleans, Louisiana.

19. Defendant 730 Rue Bienville, LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the sole member and Manager of this limited liability company. 730 Rue Bienville, LLC is the owner of the Hotel Mazarin located in New Orleans, Louisiana.

20. Defendant Mansion on Esplanade, LLC is a Louisiana limited liability company and is a citizen of the State of Louisiana. Joseph A. Jaeger, Jr. is the sole member and Manager of this limited liability company. Mansion on Esplanade, LLC is the owner of the Melrose Mansion and the Melrose Mansion Hotel which are located in New Orleans, Louisiana.

21. Joseph A. Jaeger, Jr., by and through legal entities owned by him, operates the hotel properties owned by the Defendants (and several other hotel/resort properties) through J Hospitality & Development, LLC, in which he directly or indirectly owns a controlling interest. These properties, including the properties owned by the Defendants, operate under the doing-business-as name of "The J-Collection."

## SECTION 2
## VENUE, JURISDICTION, AND CUMULATION OF ACTIONS

22. This is a civil action seeking specific performance, an award of damages, and reasonable attorney's fees resulting from the breaches of certain commercial property Lease Agreements between Plaintiff and each of the Defendants.

23. Sonder, a corporation formed under the laws of the State of Delaware and with its principal place of business located in the State of California, is a citizen of the States of Delaware and California. Sonder is diverse from each of the named Defendants. As detailed above, the Defendants are limited liability companies, and all of Defendants' members, including the members of any limited liability members, are each citizens of the State of Louisiana. Ultimately, the citizenship of Defendants is determined by the citizenship of their ultimate member, Joseph A. Jaeger, Jr., who is a citizen of the State of Louisiana.

24. The amount in controversy between Sonder and each of the named Defendants exceeds $75,000, such that the Court has diversity of citizenship jurisdiction in this case under 28 U.S.C. § 1332.

25. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), in that the Defendants reside in this District, the hotel properties that are the subject of this dispute are located in this district, and the acts complained of herein occurred in this District.

26. The joinder of claims against the Defendants in this action is permissible pursuant to Rule 20 of the Federal Rules of Civil Procedure, in that the claims in this proceeding arise out of a series of related transactions and occurrences which were confected

by Defendants through their common Manager, Joseph A. Jaeger, Jr., and because the claims under the Lease Agreements will present common questions of both law and fact.

## SECTION 3
## FACTS

**I.     Execution of and Amendments to the Lease Agreements.**

27.     Sonder and each of the Defendants entered into written Lease Agreements dated December 31, 2020.  Pursuant to these Lease Agreements, Sonder (referenced in the Lease Agreements as the "Tenant") leased certain hotel properties located in New Orleans, Louisiana from the Defendants (each referenced in the Lease Agreements as the "Landlord").

28.      These Lease Agreements contemplated that Sonder would in turn market and license or sublease units at these hotel properties to the general public, beginning on the commencement dates reflected in the table below.

29.     The hotel properties leased by Defendants to Sonder pursuant to the Lease Agreements are summarized in the table below:

| Jaeger Landlord Entity | Hotel Property Leased | Number of Rooms | Lease Term | Estimated Commencement Date |
|---|---|---|---|---|
| 415 Rue Dauphine, LLC | Dauphine Orleans Hotel | 112 | 5 yrs. + 5 yr. renewal option | June 1, 2021 |
| 717 Conti, LLC | Hotel le Marais | 64 | 5 yrs. + 5 yr. renewal option | March 1, 2021 |
| 1001 Chartres St., LLC | Chateau Hotel | 47 | 5 yrs. + 5 yr. renewal option | March 1, 2021 |
| Rampart Hotel Ventures, LLC | French Quarter Suites Hotel | 18 | 5 yrs. + 5 yr. renewal option | May 1, 2021 |
| Rampart Hotel Ventures, LLC | Courtyard Hotel | 51 | 5 yrs. + 5 yr. renewal option | May 1, 2021 |
| 1001 Toulouse, LLC | Maison Dupuy | 200 | 5 yrs. + 5 yr. renewal option | July 1, 2021 |
| Royal Hotel Investors, LLC | Hotel Royal | 42 | 5 yrs. + 5 yr. renewal option | May 1, 2021 |

| Jaeger Landlord Entity | Hotel Property Leased | Number of Rooms | Lease Term | Estimated Commencement Date |
|---|---|---|---|---|
| 1234 Chartres St, LLC | Le Richelieu | 91 | 5 yrs. + 5 yr. renewal option | June 1, 2021 |
| JAJ Ventures, LLC | Historic Streetcar Hotel | 27 | 5 yrs. + 5 yr. renewal option | May 1, 2021 |
| 730 Rue Bienville, LLC | Hotel Mazarin | 102 | 5 yrs. + 5 yr. renewal option | March 1, 2021 |
| Mansion on Esplanade, LLC | Melrose Mansion | 6 | 5 yrs. + 5 yr. renewal option | March 1, 2021 |
| Mansion on Esplanade, LLC | Melrose Mansion Hotel | 14 | 5 yrs. + 5 yr. renewal option | March 1, 2021 |

30. Most of the Lease Agreements require Defendants to make certain agreed renovations to the properties (defined in the Lease Agreements as the "Landlord's Work"), which those Defendants were required to complete by a defined Completion Date.

31. Each of the Lease Agreements provides for a Commencement Date by which the Defendant was required to provide Sonder with keys for and full access to the hotel rooms and common areas that are the subject of the Lease Agreements, in exchange for agreed rent payments by Sonder.

32. Each of the Lease Agreements provides for a five-year term, with an option to renew the term of the lease for an additional five-year period at Sonder's discretion.

33. Each Defendant executed its Lease Agreement through Joseph A. Jaeger, Jr., who signed each Lease Agreement in his capacity as "Manager" and represented and warranted that he was a duly authorized representative of the Defendant who had full power and authority to execute the Lease Agreement.

34. Section 30.3 of each Lease Agreement provides that the "Lease may not be modified, changed, altered or amended, in whole or in part, except in a writing signed by both Landlord and Tenant."

35. On December 31, 2020, the same date that the Lease Agreements were executed, Sonder and Mr. Jaeger executed a document which the parties have referred to as the "Side Letter," the purpose of which was to provide a limited window of time for Mr. Jaeger to obtain approval of certain Lease Agreements from his business partners in the Hotel Mazarin and Le Marais Hotel properties and for both parties to make minor corrections to the Lease Agreements.

36. Mr. Jaeger executed the Side Letter in his capacity as "Manager."

37. The Side Letter provided that Mr. Jaeger would have fifteen (15) days from the Effective Date of the Lease Agreements (ending on January 15, 2021) for his business partners in the Hotel Mazarin and Le Marais Hotel properties (which were the subject of the Lease Agreements between Sonder and Defendants 730 Rue Bienville, LLC, and 717 Conti, LLC, respectively) to review and approve the Lease Agreements for those properties. In each case, the Side Letter provided the Landlord with the right to terminate *only those specific Lease Agreements* in writing within five (5) days of the expiration of the 15-day review period.

38. The Side Letter also provided for a period of fifteen (15) days after the Effective Date of the Lease Agreements (ending on January 15, 2021) for the parties to review the Lease Agreements and make any "non-material corrections necessary to reflect the agreement of the parties," and provided each party with the right to terminate the Lease Agreements that "are unable to be corrected." This right to terminate could only be exercised by written notice provided within five (5) days of the expiration of the 15-day review period.

39. On January 19, 2021, after the 15-day review period provided for in the Side Letter had expired, the parties executed a second "Side Letter" document (hereinafter the "Second Side Letter").

40. Mr. Jaeger executed the Second Side Letter in his capacity as "Manager."

41. At no time prior to the execution of the Second Side Letter did Sonder or any Defendant send written notice terminating any of the Lease Agreements pursuant to the terms of the December 31, 2020 Side Letter.

42. The Second Side Letter contained a provision stating "Additionally, each of Landlord and Tenant agrees and affirms that the terms of that certain Side Letter, dated as of December 31, 2020 sent by Tenant and acknowledged by Landlord, are hereby terminated and as of the date hereof shall be null and void and of no further force and effect."

43. The Second Side Letter contains other terms related to the Lease Agreements, but nothing in the Second Side Letter provided either Sonder or the Defendants with the right to terminate any of the Lease Agreements executed by the parties on December 31, 2020.

44. On January 19, 2021, Sonder and each of the Defendants entered into an "Amendment of Lease Agreement" (hereinafter the "Amendment") which modified certain defined terms in each the Lease Agreements, including the completion date for certain renovations being made by Landlord under the Lease Agreements, the estimated commencement dates of the leases, and the rent to be paid by Sonder to the Defendants.

45. The Amendment also incorporated by reference the terms of the Second Side Letter executed by the parties on that same date and re-confirmed the Lease Agreements previously executed by Sonder and each of the Defendants. Each Amendment states: "***The Lease shall remain in full force and effect according to its terms, as such terms are modified by this Amendment***" (emphasis added).

46. No provision of the Amendment provided Sonder or any of the Defendants the right to terminate any of the Lease Agreements.

47. Sonder and Defendants have not executed any other side letters or any other amendments to the Lease Agreements subsequent to the Side Letter, executed on December 31, 2020, and the Second Side Letter and the Amendment, both executed on January 19, 2021.

## II.     Defendants' Breach of the Lease Agreements and Sonder's Notices of Default.

48. In subsequent communications between Sonder and Mr. Jaeger, it became apparent that Mr. Jaeger was not going to honor the legal obligations set forth in the binding Lease Agreements he executed, and that he was instead intent on reneging on or renegotiating the business terms of the Lease Agreements.

49. Less than a month after re-confirming that the Lease Agreements were in full force and effect, on February 12, 2021, Mr. Jaeger's counsel, Stephen Dwyer, sent a letter by certified mail to Sonder purporting to terminate the Lease Agreements (the "Purported Termination Letter"). According to Mr. Dwyer's letter:

> "I am writing on behalf of my clients, the Landlords of the Properties referred to as the J1 Hotels and J2 Hotels in the above caption to this letter. On their behalf, please be advised that the Landlords and J Hospitality have elected to terminate the Leases of the Properties. These referenced Leases and all related agreements are hereby canceled and terminated."

50. None of the Lease Agreements, Side Letters, or Amendments executed by Sonder and the Defendants provide Defendants with the right to unilaterally terminate the executed Lease Agreements as stated in Mr. Dwyer's letter.

51. Mr. Dwyer's letter asserted that "Both parties to the Leases were required to undertake certain tasks and obligations which were not performed and/or completed in accordance with the requirements of the Leases and/or letters," yet failed to specify a single obligation that Sonder had failed to perform under the Lease Agreements.

52. At no time prior to sending the Purported Termination Letter did any of the Defendants send a written notice of default to Sonder pursuant to Section 20.1 of the Lease Agreements, which provides for a thirty (30)-day period for Sonder to begin the cure of any alleged defaults before the Lease Agreement can be terminated by the Landlord based on an Event of Default.

53. The unsubstantiated claims in Mr. Dwyer's letter that Sonder had somehow failed to "undertake tasks and obligations" required by the Lease Agreements are not true, and, in any event, provided no legal basis for the Defendants to terminate the Lease Agreements, as no prior notices of default had been sent by Defendants to Sonder as expressly required by the Lease Agreements.

54. After many months of protracted effort to negotiate an amicable settlement of the parties' legal dispute failed to resolve the matter, on October 19, 2021, Sonder sent notice of default letters to each of the Defendants pursuant to Section 20.2 of the Lease Agreements describing each act of default by the Defendants, including but not limited to Defendants' failure to complete renovation work on the properties and refusal to deliver custody of the leased premises to Sonder as provided in each of the Lease Agreements. Sonder demanded that the Defendants' breaches of the Lease Agreements be cured within the 30-day period provided for by Section 20.2 of the Lease Agreements.

55. To date, none of the Defendants has cured any of the default issues that were the subject of the notice of default letters issued by Sonder on October 19, 2021.

56. The actions of the Defendants, through Mr. Jaeger, in unilaterally terminating the Lease Agreements with Sonder, while having no legal right to do so, along with

Defendants' other breaches of the Lease Agreements, were intentional acts undertaken in bad faith which constitute gross fault that has caused substantial damages to Sonder.

57. Based on concern regarding Mr. Jaeger's refusal to honor the terms of the Lease Agreements he signed on behalf of the Defendants, Sonder recorded each of the Lease Agreements in the New Orleans mortgage and conveyance records to further protect its interests.

### III. Defendants' Sale of Properties in Violation of the Lease Agreements.

58. Sonder's efforts to negotiate a settlement of the legal dispute arising from the Defendants' breaches of the Lease Agreements continued throughout almost the entirety of 2021 and into the second quarter of 2022.

59. Sonder's management and legal counsel held an all-day in-person meeting with Mr. Jaeger and his legal counsel in New Orleans on Thursday, February 10, 2022 to try to resolve the lease disputes. During these settlement discussions, Sonder negotiated in good faith in an attempt to satisfy Mr. Jaeger by considering his request to negotiate restated lease agreements. These settlement discussions failed to resolve the dispute.

60. At no point during any of these discussions did Mr. Jaeger or his counsel mention pending plans by Mr. Jaeger and certain of the Defendants to sell properties that were subject to Lease Agreements.

61. On Monday, February 14, 2022, four days after the parties' in-person settlement discussions, Defendant Rampart Ventures, LLC, acting through Mr. Jaeger, sold two hotel properties that are the subject of Lease Agreements with Sonder – the French Quarter Suites and the Courtyard Hotel.

62. The Act of Sale conveying the properties was executed by Mr. Jaeger and his signature on the sale documents was notarized by Mr. Dwyer.

63. Article 29 of each Lease Agreement between Sonder and the Defendants provides that in the event the Landlord decides to sell the leased property, Sonder shall have a right of first refusal with respect to any written offer to purchase the property which the Landlord intends to accept. Article 29 further requires the Landlord to provide Sonder with a written offer to sell the property to Sonder at the price and on the same terms as the offer received by the Landlord (defined as the "Sale Offer"). Sonder is entitled to a period of ten (10) business days to decide whether to accept the Sale Offer.

64. Prior to executing the sale of the French Quarter Suites and the Courtyard Hotel, Defendant Rampart Ventures, LLC did not provide the required notice to Sonder of the sale of either property and did not honor Sonder's right of first refusal to purchase the properties as required by its Lease Agreement with Sonder.

65. The actions of Defendant Rampart Ventures, LLC, through Mr. Jaeger, in selling the French Quarter Suites Hotel and the Courtyard Hotel without first providing Sonder the right of first refusal as specifically provided by the applicable Lease Agreements were intentional, undertaken in bad faith, and constitute gross fault that has caused substantial damage to Sonder.

**IV.     Breach of the Article 9.1 SNDA Provisions**

66. Article 9.1 of each of the Lease Agreements between Sonder and Defendants 415 Rue Dauphine, LLC, 717 Conti, LLC, Rampart Hotel Ventures, LLC, 1001 Toulouse, LLC, Royal Hotel Investors, LLC, 1234 Chartres St., LLC, JAJ Ventures, LLC, 730 Rue Bienville, LLC and Mansion on Esplanade (hereinafter the "SNDA Defendants") requires the

SNDA Defendants to secure subordinations from any mortgage holder on the property in favor of Sonder guaranteeing peaceable use and possession of the leased premises.

67. Article 9.1 provides in pertinent part that "Landlord shall obtain from any Mortgagee a Subordination and Non-disturbance Agreement ("SNDA") in favor of Tenant in such commercially reasonable form as is then used by the holder of such Mortgagee and is reasonably acceptable to Tenant, and which shall provide, inter alia, that so long as no continuing Event of Default exists, neither Tenant's right to quiet enjoyment under this Lease, nor the right of Tenant to continue to occupy the premises and to conduct its business thereon, shall be interfered with or disturbed by Landlord or anyone claiming by, through or under Landlord, including Mortgagee."

68. None of the SNDA Defendants has provided Sonder with the SNDA required by Article 9.1 of the Lease Agreements.

69. The October 19, 2021 notice of default letters sent by Sonder to each of the SNDA Defendants pursuant to Section 20.2 of the Lease Agreements cites the failure of the SNDA Defendants to provide the SNDA required by Article 9.1 of the Lease Agreement.

70. None of the SNDA Defendants have cured this breach after receiving the Sonder notice of default letters.

71. Article 9.1 of the Lease Agreement provides "If the Landlord does not obtain such SNDA within sixty (60) days of the Effective Date, Landlord shall pay to Tenant the Agreed Liquidated Damages." The Effective Date of each Lease Agreement is December 31, 2020.

72. Appendix A (Definitions) to each Lease Agreement defines "Agreed Liquidated Damages" as either $1,000 or $2,000 per room.

## SECTION 4
## CLAIMS

I. **BREACH OF CONTRACT - VIOLATION OF THE LEASE AGREEMENTS**

73. Sonder incorporates the allegations set forth in the preceding paragraphs 1-72 as if set forth in full herein.

74. Defendants' actions and inactions, including but not limited to those documented in the Sonder notices of default, constitute a breach of Defendants' obligations under the Lease Agreements, and are actionable pursuant to Louisiana Civil Code Articles 1986 *et seq*.

75. Defendants' actions in breaching the Lease Agreements were intentional, bad faith acts and constitute gross fault on the part of the Defendants.

76. Sonder is entitled to and prays for specific performance of the Defendants' obligations pursuant to the terms of the Lease Agreements and for an award of damages resulting from the delay in Defendants' performance of their contractual obligations, including, but not limited to, lost profits.

77. In the alternative, and should the Court determine that specific performance is impracticable, Plaintiff prays for an award of the lost profits that Sonder would have realized had the Lease Agreements been honored by Defendants and an award of damages for other losses suffered by Sonder as a result of the Defendants' breaches of their contractual obligations.

78. As a direct and proximate result of Defendants' breaches of the Lease Agreements, Sonder has suffered and will continue to suffer damages, including, but not limited to, the loss of tens of millions of dollars in profits it would have realized through the

licensing and subleasing of the premises to the general public during the terms of the Lease Agreements.

79. Defendants' unauthorized sale of certain properties that were the subject of the Lease Agreements, without providing Sonder the right of first refusal under the applicable Lease Agreements, are additional breaches of contract which have caused Sonder to suffer additional economic losses for which Sonder is entitled to compensation from the Defendants.

80. Pursuant to Article 9.1 of the Lease Agreements, the SNDA Defendants owe Sonder Agreed Liquidated Damages in the amount of either $1,000 or $2,000 per room due to their failure to provide the required SNDA from each Mortgagee guaranteeing Sonder's peaceable occupancy and use of the leased premises. Accordingly, Sonder prays for an award of liquidated damages against each SNDA Defendant pursuant to the terms of the Lease Agreements.

## II. SONDER IS ENTITLED TO RECOVER REASONABLE ATTORNEYS' FEES

81. Sonder incorporates the allegations set forth in the preceding paragraphs 1-80 as if set forth in full herein.

82. Article 26 of each of the Lease Agreements requires each of the Defendants to indemnify Sonder from any and all "Losses" directly resulting from any breach of their representations, warranties, and covenants contained in each Lease Agreement. Article 26 also requires the Defendants to indemnify Sonder from "Losses" resulting from "willful misconduct" by the Landlord.

83. The term "Losses," with respect to which the Defendants are required to indemnify Sonder, is defined in Appendix A to the Lease Agreements to include "Any and all losses . . . including reasonable attorneys' fees and disbursements."

84. Sonder has and will continue to incur Losses in the form of substantial attorneys' fees, as the direct result of the Defendants' intentional breach of their representations, warranties, and covenants under the Lease Agreements, including legal fees incurred in filing and prosecuting this legal action.

85. Defendants' intentional violations of the Lease Agreements also constitute "willful misconduct," which has caused Sonder to incur, and to continue to incur, substantial attorneys' fees to enforce the breaches of the Defendants' obligations under the Lease Agreements.

86. Accordingly, Sonder is entitled to recover its reasonable attorneys' fees incurred in enforcing the breaches of the Lease Agreements by the Defendants as "Losses" pursuant to Article 26 of the Lease Agreements.

## SECTION 5
## BENCH TRIAL REQUIRED AND PRE-SUIT MEDIATION SATISFIED

87. In Section 30.20.4 of each of the Lease Agreements, the parties expressly waived the right to trial by jury with respect to any judicial proceedings that arise out of or relate to the Lease Agreements. Accordingly, all claims presented by this Complaint must be decided by a bench trial without a jury.

88. Section 30.20.2 of each of the Lease Agreements provides that if any disputes arise out of or relate to the Lease Agreements, the parties must participate in mediation conducted by the American Arbitration Association before resorting to litigation. Sonder and each of the Defendants participated in a full-day mediation conducted by the American Arbitration Association pursuant to its Rules for Commercial Mediation in New Orleans, Louisiana on June 16, 2022. The mediation did not resolve the dispute between the parties.

Accordingly, the mediation participation requirement of the Lease Agreements has been satisfied.

**SECTION 6**
**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff SONDER HOSPITALITY USA, INC. prays for judgment against Defendants, 415 RUE DAUPHINE, LLC, 717 CONTI, LLC, 1001 CHARTRES ST., LLC, RAMPART HOTEL VENTURES LLC, 1001 TOULOUSE, LLC, ROYAL HOTEL INVESTORS, LLC, 1234 CHARTRES ST., LLC, JAJ VENTURES, LLC, 730 RUE BIENVILLE, LLC AND MANSION ON ESPLANADE, LLC, as follows:

a.) Specific performance of the Defendants' obligations under the Lease Agreements;

b.) Damages caused by the delay in the performance of Defendants' obligations under the Lease Agreements;

c.) In the alternative, should the Court find that specific performance is impractical, monetary damages for the lost profits and other economic harm suffered by Plaintiff as the result of the Defendants' breaches of the Lease Agreements;

d.) Monetary damages for the economic loss suffered by Plaintiff as a result of the Defendants' breaches of Sonder's right of first refusal to purchase the properties sold by certain Defendants in violation of certain of the Lease Agreements;

e.) Liquidated damages against the SNDA Defendants for breach of their obligations to provide a SNDA pursuant to Article 9.1 of the Lease Agreements;

f.) Reasonable attorneys' fees and litigation costs incurred herein;

g.) Judicial interest;

h.) Such other relief as the court may deem just and proper.

Dated: July 1, 2022

Respectfully submitted,

*/s/ Sean T. McLaughlin*
DAVID J. HALPERN (#6452)
David.halpern@keanmiller.com
DAVID M. WHITAKER, T.A. (#21149)
David.whitaker@keanmiller.com
SEAN T. MCLAUGHLIN (#31870)
Sean.mclaughlin@keanmiller.com
ZOE W. VERMUELEN (#34804)
Zoe.vermuelen@keanmiller.com
Kean Miller LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051

COUNSEL FOR PLAINTIFF
SONDER HOSPITALITY USA, INC.

**PLEASE ISSUE THE ATTACHED SUMMONS TO:**

1. 415 RUE DAUPHINE, LLC

2. 717 CONTI, LLC

3. 1001 CHARTRES ST., LLC

4. RAMPART HOTEL VENTURES LLC

5. 1001 TOULOUSE, LLC

6. ROYAL HOTEL INVESTMENTS, LLC

7. 1234 CHARTRES ST., LLC

8. JAJ VENTURES, LLC

9. 730 RUE BIENVILLE, LLC

10. MANSION ON ESPLANADE, LLC